LÉCTORA, PETITIONER AND APELLEE, *v.* MUNICIPAL ASSEMBLY OF GUAYAMA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in Certiorari Proceedings.

No. 2535.—Decided April 10, 1922.

TAXES—MUNICIPAL ORDINANCE—APPROPRIATION.—A municipal ordinance imposing an additional tax and fixing its rate for the purpose of constructing certain public works and improvements, is not necessarily void because it does not specify the items and the department for which the appropriation is made. This requirement of section 61 of the Municipal Law of 1919 should be complied with after the special tax is collected and the proceeds are appropriated by an ordinance.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the appellant.

*Messrs. M. A. Martínez Dávila* and *A. Arroyo* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

On March 14, 1921, the Municipal Council of Guayama adopted an ordinance the body of which reads thus:

*"Be it Ordained by the Municipal Council of Guayama, P. R.—* Section 1.—That an additional tax of one-fifth of one per cent per annum is hereby imposed upon property during the fiscal year 1921–22 in addition to all taxes already imposed upon the value of all personal or real property within the municipality of Guayama according to assessment made by the Treasurer of Porto Rico so that in due time he may proceed to collect the tax hereby imposed.

"Section 2.—The proceeds of the tax hereby imposed shall be expended for the following improvements:

"Erection of an asylum for the insane.

"Erection of a mortuary building.

"Pavement of streets and other public improvements.

*"Provided,* That whatever balance may remain from the proceeds of this tax after paying the expenses incurred by reason of the aforesaid improvements shall be applied to other necessities as the municipal council may deem expedient."

On certiorari the District Court of Guayama held the ordinance to be invalid:

"Because money was appropriated without specifying the items or the branch or department of the service for which the same was to be used, as required by section 61 of the Municipal Law.

"Because money is appropriated for public improvements which are not enumerated in section 49, paragraph C, of the Municipal Law.

"Because the said ordinance makes appropriations of money regardless of the provisions of section 23 of the Municipal Law and section 34, paragraph 16, of our Organic Act."

Section 61 of the Law of 1919 provides (italics ours):

"That  *  *  *  no *appropriation of funds for* any purpose whatever shall be made except by ordinance or resolution of the municipal assembly specifying the items and the department or branch of the service for which such *appropriation* is made." Laws 1919, p. 718.

Section 49, at the time the ordinance was voted, read in part as follows:

"That the municipal revenues shall consist of—

"(*c*) Any surcharge of the tax on taxable property of the municipality, provided it shall be so decided by two-thirds of the municipal assembly.  *  *  *

"Said surcharge shall be devoted solely to the redemption of loans heretofore or hereafter contracted; to the development of elementary education; to the construction of municipal or inter-municipal roads, aqueducts, electric plants, sewerage systems, construction of hospitals, cemeteries, asylums for the aged and orphans, tuberculosis sanatoriums, asylums for the insane and reform schools, market places, and to paving, asphalting and planting of trees on streets; docks and bulkheads, school houses and houses for teachers, agricultural farms; houses for sale on long terms to workmen, the erection of villages; dikes to prevent inundations, public laundries and buildings for municipal offices. Said property sur-tax shall be collected by the Treasurer of Porto Rico, a certified copy of the ordinance adopted by the municipal assembly to serve as authorization for the purpose." Laws of 1920, p. 70.

Section 23 provides:

"That all limitations imposed by the Organic Act of Porto Rico on the Legislature and its members shall be applicable, as far as

possible, to the municipal assembly and the members thereof.'' Laws of 1919, p. 698.

The paragraph from section 34 of the Organic Act referred to ordains that:

"The general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative, and judicial departments, interest on the public debt, and for public schools. All other appropriations shall be made by separate bills, each embracing but one subject.'' Laws 1919, p. 46.

The paragraph last above quoted, if applicable at all, speaks of appropriations, and section 61 of the Municipal Law regulates the "appropriation of funds.'' The Spanish version is "appropriation of money.'' In similar fashion section 44 adopts a percentage of "the total property tax *received* by the municipality, plus the *proceeds* from the school tax, if any,'' as a minimum for "the total budget for expenses of public education.'' We find nothing anywhere in the Municipal Law requiring appropriations to be made at the time and in the same ordinance whereby the tax is levied. The ordinance in question does not purport to appropriate money or funds. It merely specifies the purposes to which the proceeds of the tax shall be devoted, in full consonance with the provisions of section 49. That section says that the tax shall be collected by the Treasurer of Porto Rico upon the authority of a certified copy of the ordinance. It does not say that the money so to be collected shall be either appropriated or "devoted'' to any specific purpose before it is collected. In fact, it says nothing whatever about appropriations.

The matters enumerated in the ordinance are all within the terms of section 49. The proviso as to the disposition to be made of any balance might have been more specific, but we indulge no very violent presumption in assuming that whatever future provision may be made for it, expen-

diture of such possible balance will be a lawful exercise of the legislative power.

In any event, apprehensive taxpayers are entitled to what comfort they can find in the thought that whenever the municipality may attempt to divert the proceeds of the tax now sought to be levied from the ends indicated both in the ordinance and in the statute, the courts will still be open to them and whatever remedy the law may provide will still be available.

But until some overt act is accomplished, and to the extent of abstaining from the institution of premature legal proceedings, would-be objectors, however conscientious, must suffer in silence, repress any pessimistic tendency toward the anticipation of evil and await developments, if not in sanguine expectation of a strict adherence to the letter of the law, at least with such patience as may be at their command.

The judgment appealed from must be

*Reversed.*

Chief Justice Del Toro and Justice Aldrey concurred.
Mr. Justice Wolf took no part in the decision of this case.